Mr. Jorge Luis Cirnigliaro c/o Stacey Witherell, Empl. Srvs. Mgr. Human Resources Department 500 West Markham, Suite 130 W Little Rock, Arkansas 72201
Dear Mr. Cirnigliaro:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether "the documents associated with [your] job application for the City of Little Rock's Environmental Compliance Engineer" are subject to inspection and copying under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101-109 (Repl. 2002 and Supp. 2005). You note that the documents were requested by another applicant for the job. The written request for your records seeks your "application," although the custodian apparently interprets the request as including "application documents." The custodian of records has concluded that "[s]ince you are a City employee . . . this information is a personnel record and is releasable." My statutory duty under A.C.A. §25-19-105(c)(3)(B)(i) is to determine whether the decision of the custodian is consistent with the provisions of the FOIA.
RESPONSE
I have not been provided with the documents in question, and consequently cannot evaluate the custodian's decision with regard to particular documents or their contents. I can state, however, as a general matter, that documents related to applications for employment are open to public inspection and copying under the FOIA, with any necessary redactions for information shielded from public disclosure, such as social security numbers and home addresses.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
Given that the documents are kept in the course of city business, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As I recently explained by quoting the words of one of my predecessors:
 If records fit within the definition of "public records". . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law.
Op. Att'y Gen. 2005-057 at 2, quoting Op. Att'y Gen. No.1999-305.
In my opinion these application-related documents are properly classified as "personnel records" for purposes of the FOIA.[1] The FOIA requires certain public records to be open to inspection and copying by citizens but also provides a lengthy list of records that are shielded from public inspection. In this regard the Act exempts from disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial.Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
With regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley,supra, 332 Ark. at 311. With regard to the public interest side of the balancing test, the court in Stilley also discussed with approval an aspect of the balancing test used in Department ofDefense v. FLRA, 510 U.S. 487 (1994), which held that the Court's duty was to weigh the privacy interest of the employees at issue therein against the only relevant public interest in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." Id. at 312, quoting FLRA at 497.
The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen.2004-260; 2003-336; 2003-201; 2001-101; 98-001. A number of documents contained in personnel files are typically releasable under this standard, with appropriate redactions. Ops. Att'y Gen.2005-268; 2005-011; and 2004-058.
In this regard, my predecessors and I have opined on numerous occasions that job applications, including resumes, are "public records" subject to inspection and photocopying, provided that all exempt information has first been deleted. See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-162; 2005-131; 2005-004; 2004-314; 2002-068; 2001-368; 2001-091; 2001-080; 99-013; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-114 and 90-248.
With regard to job applications, I stated in Op. Att'y Gen.2005-131 that:
 Previous Attorney General Opinions reflect that job applications are generally subject to inspection and copying with any exempt information deleted. See, e.g., Ops. Att'y Gen. 2005-004; 2004-314; 2001-080; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-114 and 90-248.
 As I noted in Op. Att'y Gen. 2005-004, quoting Op. Att'y Gen. 96-190:
 . . . this rule applies whether the applications are of successful or unsuccessful applicants. Id. at 2 (stating that "[t]his office has consistently opined that job applications, whether of successful or unsuccessful applicants, are generally subject to disclosure under the act. See Att'y Gen. Ops. 95-291; 95-113; 93-263; 93-114; 90-248; 88-133; 87-189; 87-154; 87-108; and 87-70. It has been opined that, with regard to unsuccessful applicants for employment, there is no applicable exception, and the applications must therefore be disclosed. [Footnote omitted.] See Op. Att'y Gen. 1995-291. It has also been opined, however, that with regard to successful applicants . . . the applications are subject to inspection and copying except to the extent that their release would constitute a "clearly unwarranted invasion of privacy." See A.C.A. § 25-19-105(b)(10) and Ops. Att'y Gen. 1995-113, 94-187 and 94-178").
Id. at fn. 1, quoting Op. Att'y Gen. 96-190.
My predecessors have noted, and I agree, that it would be unusual for a job application to contain information sufficiently private to warrant withholding the record from public inspection. See
Op. Att'y Gen. Nos. 2002-068 and 95-291. It should be noted, however, that certain information, such as your social security number, if it appears on the application, must be redacted prior to release. See Ops. Att'y Gen. 2001-203 and 99-011, citing5 U.S.C. § 552a, the "Federal Privacy Act"). I also note that the FOIA provides a specific exemption for the home addresses of non-elected state, county and municipal employees as they appear in employers' records. A.C.A. § 25-19-105(b)(13).
Additionally, the custodian should scrutinize the records for the purpose of identifying any other information that might be subject to a special exemption from disclosure under the FOIA.See, e.g., A.C.A. § 25-19-105(b)(2) (medical and education records). Any such information that is identified should be redacted from these documents prior to their release along with information which would constitute a "clearly unwarranted invasion of personal privacy" under A.C.A. §25-19-105(b)(12).[2]
With regard to resumes, I stated in Op. Att'y Gen. 2003-325 as follows:
 This office has consistently taken the position that resumes are not exempt from disclosure. See, e.g.,
Ops. Att'y Gen. Nos. 2002-068; 2001-368; 2001-091; 2001-080; 99-013; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-113 and 90-248. . . . [T]hese records contain only information reflecting the employees" educational and professional experience and qualifications. [Footnote omitted.] The public clearly has an interest in knowing such information about public employees. Moreover, such information obviously reflects the workings of government in that it is directly related to hiring practices.
Id. at 2-3.
In my opinion, therefore, although I have not been provided with the records in question or with any information as to specific redactions, the custodian's decision to release application documents, assuming any necessary redactions have been made, is generally consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The custodian has stated that you are a city employee, and although it is my understanding that you were not selected for the job position at issue, in my opinion the records are nonetheless properly classified as "personnel records" for purposes of the FOIA. See e.g., Op. Att'y Gen. 2006-044,quoting Op. Att'y. Gen. 2003-015.
[2] With regard to interview scores, see Ops. Att'y Gen.2006-044; 2003-015 and 2002-161.